**Dated: November 14, 2005**

**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **TRENTON J. BALDWIN and** | ) | Case No.04-72919 |
| **CAROLYN S. BALDWIN** | ) | Chapter 7 |
| | ) | |
| Debtors, | ) | |
| | ) | |
| **GERALD R. MILLER, TRUSTEE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 04-7126 |
| | ) | |
| **TRENTON J. BALDWIN,** | ) | |
| **CAROLYN S. BALDWIN, BILL and** | ) | |
| **CAROLYN LIMITED** | ) | |
| **PARTNERSHIP, an Oklahoma Limited** | ) | |
| **Parternship, THE MAXIE O. "BILL"** | ) | |
| **BAILEY LIVING TRUST, and** | ) | |
| **MAXIE O. "BILL" BAILEY** | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On the 6th day of October, 2005, the above-referenced adversary proceeding came on for trial. Appearances were entered by Drew D. Webb and Ross A. Plourde, Attorneys for Plaintiff, Thomas B. Webb, Attorney for Debtors, and Charles E. Wetsel, Attorney for Bailey Defendants. After reviewing the evidence and testimony, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Debtors filed for relief under Chapter 7 of the Bankruptcy Code on August 3, 2004. Plaintiff commenced this adversary proceeding on December 7, 2004. The parties provided the following stipulated facts, as contained in the Pre-Trial Order entered October 3, 2005:

> The Bill and Carolyn Limited Partnership ("Partnership") was formed on or about August 25, 1994, for estate planning purposes. Under the original limited partnership agreement, debtor Carolyn Baldwin owned a 7.73993% limited partnership interest in the Partnership, and her father's revocable trust (the "Trust," of which her father, Maxie O. "Bill" Bailey ["Bailey"], and her mother, Barbara Bailey, were co-trustees) owned the remaining partnership interest. On or about September 15, 1994, the Trust, through Bailey as trustee, assigned to Baldwin an additional 91.26007% limited partnership interest in the Partnership. On or about November 17, 1994, Baldwin's parents conveyed to the Partnership approximately 200 acres of real estate. In approximately 1997, the Partnership constructed a home on property owned by the Partnership which has been appraised to have a value of over $200,000. After the November 17, 1994 assignment and at the commencement of this bankruptcy proceeding, Baldwin owned a 99% limited partnership interest in the Partnership, and her father's revocable trust owned a 1% general partnership interest.

Mrs. Baldwin resides in the home on the property and pays the expenses associated with the house, including a mortgage payment. Todd Smith, a son-in-law of Mr. Bailey, uses some of the property for cattle grazing, and takes care of the land in exchange for the use of the pasture. The Partnership has invested in mutual funds in the past, but after some losses the Partnership sold the mutual funds. The Partnership also sold timber to Mr. Bailey's lumber company. One acre was conveyed to another daughter

of Mr. Bailey in 1998, on which she constructed a house.

Plaintiff's complaint contains the following causes of actions: (1) Declaration of Estate's Ownership of Partnership Interests Formerly Owned by Debtor Carolyn S. Baldwin; (2) Declaration of Estate's Rights to Partnership Profits and Turnover of Partnership Profits; (3) Equitable/Statutory Dissolution of Partnership; (4) Breach of Fiduciary Duty; (5) Declaration of Estate's Rights to Partnership Assets and Turnover of Partnership Profits; and (6) Denial of Debtor's Claimed Homestead Exemption.

Plaintiff alleges that the Debtor's bankruptcy estate now owns the 99% limited partnership interest owned by Carolyn Baldwin at the time she filed her bankruptcy petition. Plaintiff seeks dissolution of the Partnership, asserting that the Partnership refuses to recognize Plaintiff's 99% limited partnership interest. Plaintiff also asserts that the general partner is permitting Mrs. Baldwin and Mr. Smith to use the property of the Partnership without paying appropriate rent, that the general partner conveyed an acre of Partnership land to another daughter and received nothing in exchange and that the general partner has failed to file proper tax returns of the Partnership. Plaintiff further alleges that the purpose of the Partnership has been frustrated, and that the general partner has no current business plans to benefit the estate's 99% interest in the Partnership.

Defendants allege that the partnership property is not property of the Debtors' bankruptcy estate, and that the Trustee is, at most, a judgment creditor, although Trustee does not have a judgement or a charging order. Defendants assert that neither the Trustee nor Mrs. Baldwin, as a limited partner, has the right to manage and control the limited partnership, demand unaccrued distributions, or force dissolution and liquidation of the assets of the partnership. Defendants further argue that no event triggering dissolution has occurred and no fiduciary relationship exists between the Plaintiff and the general partner of the

3

partnership, therefore, Plaintiff is not entitled to damages.

The Court heard the testimony of Cletis Glasson, a loan officer in the banking business. Mr. Glasson testified as to the value and use of the Partnership property. Mr. Glasson is familiar with the property of the Partnership, and stated that a fair annual rental price for the use of the land would be approximately $3,000 to $4,000 per year. Mr. Glasson also testified that the annual rental price for running forty head of cattle on the property would be approximately $2,000 per year. Mr. Smith currently runs thirty-nine head of cattle on the property.

Mr. Bailey testified at trial that the cost of the work Mr. Smith does on the land would be higher if Mr. Bailey were to hire a third person to perform the work. He stated that the ground on the land is rough and contains a lot of weeds. Mr. Bailey disputes Mr. Glasson's valuations of the fair rental prices for using the property.

Mr. Bailey also testified as to the future plans for the property of the Partnership. He stated that if the value of the property rises in the future, it may be divided into lots for a future housing development. Further, Mr. Bailey stated at trial that he does not acknowledge the Plaintiff's interest in the Partnership.

The Court also heard the testimony of James Hodges, a registered public accountant. Mr. Hodges has prepared tax returns for the Partnership since 1997. Some years the tax returns reported no activity, and there were no tax returns filed one or two years due to no activity. Mr. Hodges stated at trial that he was not aware of any assets of the Partnership until his deposition. Mr. Hodges stated that rental property on the land would be depreciable, and he would have maintained a depreciation schedule had he known of the home leased by Mrs. Baldwin. Mr. Hodges noted that under these circumstances, a tax return for the Partnership should not reflect "no activity." It also appears that Mrs. Baldwin was deducting her

4

housing expenses on her personal tax returns.

The Limited Partnership Agreement provides in part the following:

15. Dissolution and Liquidation.

15.1 Dissolution. The Partnership shall dissolve on the date fifty (50) years from the date of execution of this Agreement, or upon the earlier occurrence of any of the following events:

15.1.1 The General Partner shall have either died or been adjudicated mentally incompetent, insolvent or bankrupt; or,

15.1.2 The General Partner shall have agreed in writing to dissolve and wind up the affairs of the Partnership.

## ANALYSIS

Section 541 of the Bankruptcy Code provides that property of the bankruptcy estate includes all legal or equitable interest of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Section 541 "merely defines what interests of the debtor are transferred to the estate" while non-bankruptcy law defines the scope and existence of those interests. *In re Farmers Markets, Inc.,* 792 F.2d 1400, 1402 (9th Cir. 1986).

A partnership interest is personal property. Okla. Stat. Ann. tit. 54, § 340 (West 2000). Mrs. Baldwin's economic interests in the partnership are property of the estate, and any specific assets that are owned by the Partnership itself are not property of the estate. *Samson v. Prokopf (In re Smith),* 185 B.R. 285, 290 (Bankr. S.D. Ill. 1995). "Generally ... the rights of the limited partner are confined to the right to have full information, a share of the income and to have the same rights as a general partner in reference to dissolution and winding up by a decree of court." *Curtis v. Johnson,* 92 Ill. App. 2d 141,

5

234 N.E.2d 566, 572 (Ill. App. Ct. 1968). These rights are legal or equitable interests of the debtor limited partner that are within the scope of 11 U.S.C. § 541(a)(1). *Smith,* 185 B.R. at 291. Therefore, this Court finds that Mrs. Baldwin's interests in the Partnership are property of the bankruptcy estate.

Okla. Stat. Ann. tit. 54, § 346 (West 2000) provides:

On application by or for a partner, the district court may decree dissolution of a limited partnership whenever it is not reasonably practicable to carry on the business in conformity with the partnership agreement.

"When the relations existing between partners render it impracticable for them to conduct business beneficially, dissolution is proper." *Susman v. Venture,* 449 N.E.2d 143, 148 (Ill. App. 1982). Mr. Bailey testified that he does not recognize the Plaintiff's interest in the Partnership as trustee of the bankruptcy estate. Furthermore, the Partnership no longer serves any estate planning purpose. Mr. Bailey even stated at trial that he considered the future development of the property into residential lots as a possibility. This Court finds it is appropriate to order the Limited Partnership dissolved.

While some of the practices of the general partner were somewhat questionable, Mr. Bailey's actions do not rise to the level of a breach of fiduciary duty. Therefore, this Court finds that there is no breach of fiduciary duty to the Partnership.

The Plaintiff also seeks in his complaint a denial of the Debtor's claimed homestead exemption. At trial, counsel for the Debtors indicated that the schedules are now amended and Debtors no longer claim the homestead exemption. Upon review, the Debtors list in their amended Schedule C one acre as exempt, upon which Debtors' residence is situated. This one acre of land is owned by the Partnership. The Trustee and McCurtain County National Bank both filed objections to the claimed exemption. The objections argue that the property is not owned by the Debtors, but rather by the Partnership, therefore the Debtors

6

Case 04-07126   Doc 60   Filed 11/15/05   Entered 11/15/05 11:11:24   Desc Main
Document      Page 6 of 7

cannot claim the homestead exemption for the property. This Court agrees. *See In re Monsivais,* 274 B.R. 263, 265 (Bankr. W.D. Tex 2002).

IT IS THEREFORE ORDERED that the Debtors' claimed homestead exemption is **denied.**

IT IS FURTHER ORDERED that the Bill and Carolyn Limited Partnership should be **dissolved**.

IT IS FURTHER ORDERED that this matter will be set for further telephonic hearing by separate order for the Court to obtain input from Counsel on the following issues:

1) Should a special master or trustee be appointed by the Court to wind up the affairs of the Limited Partnership; and

2) What procedure should be used in winding up the affairs of the Limited Partnership.

###